IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,463




EX PARTE ALLEN WAYNE PORTER Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 582820 IN THE 248TH DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life years’ imprisonment. The First Court of Appeals affirmed his
conviction. Porter v. State, No. 01-91-00454-CR (Tex. App.–Houston [1st Dist.], delivered July 16,
1992). 
            Applicant was convicted solely on eyewitness testimony. The eyewitnesses testified that
three assailants committed the offense in this case. Applicant contends that he is actually innocent
and offers newly discovered evidence in the form of fingerprint evidence which indicates someone
other than Applicant was present at the scene of the crime. In addition, a hearing on Applicant’s
habeas corpus application was held at which two of the three assailants who committed this offense
testified that Applicant was not a participant, but rather, the individual whose fingerprints were
found at the scene was the third assailant. Finally, a former girlfriend of one of the assailants
testified that she drove three individuals to the scene of the crime on the night of the offense in this
case, but Applicant was not one of them. 
            The trial court entered findings of fact and conclusions of law recommending that relief be
granted because Applicant has proven by clear and convincing evidence that, despite the evidence
of guilt that supports the underlying conviction, no reasonable juror could have found Applicant
guilty in light of the newly discovered evidence presented at the hearing on Applicant’s habeas
corpus application. We agree. See Ex parte Brown, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). 
            Relief is granted. The judgment in Cause No. 582820 in the 248th Judicial District Court
of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris
County to answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: December 8, 2010
Do Not Publish